COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Willis and
        Senior Judge Overton
Argued at Alexandria, Virginia


LOC T. DUONG, S/K/A
 LOC TUAN DUONG
                                        OPINION BY
v.   Record No. 0522-00-4      JUDGE JERE M. H. WILLIS, JR.
                                      FEBRUARY 27, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       David T. Stitt, Judge

          Kimberly J. Phillips, Assistant Public
          Defender (James G. Connell, III, Assistant
          Public Defender; Office of the Public
          Defender, on briefs), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Pursuant to his guilty plea, Loc Tuan Duong was convicted of

two counts of grand larceny in violation of Code § 18.2-95.  He

was sentenced to three years imprisonment with two years

suspended on each count.  On appeal, he contends that the trial

court erred in considering at sentencing several juvenile

adjudications that were void under the holding in Baker v.

Commonwealth, 28 Va. App. 306, 505 S.E.2d 394 (1998), aff'd per

curiam, 258 Va. 1, 517 S.E.2d 219 (1999).  For the reasons that

follow, we reverse the judgment of the trial court and remand

the case for resentencing.

## I.  BACKGROUND

On November 23, 1994, while Duong was a juvenile, the Commonwealth filed two petitions in the Juvenile and Domestic Relations District Court of Fairfax County (juvenile court) charging him with receiving stolen goods and failure to appear. The petitions listed Duong's mother's name and address.  On the line for Duong's father's name and address, the petitions read, "Houng, Lac -- SAC."  Duong was adjudicated delinquent pursuant to these petitions.

On January 18, 1995, while Duong was a juvenile, the Commonwealth filed three petitions in the juvenile court charging him with one count of breaking and entering and two counts of grand larceny.  The petitions listed Duong's mother's name and address.  On the line for Duong's father's name and address, the petitions read, "Houng, Loc, Address Unknown to Petitioner."  Duong was adjudicated delinquent pursuant to these petitions.

On November 22, 1999, being then an adult, Duong pled guilty in the trial court to two counts of grand larceny.  The pleas were entered pursuant to a plea agreement, which provided that the court would sentence Duong within the range set by the Virginia Sentencing Guidelines.  The trial court accepted the plea agreement and the pleas and, upon hearing a representation of the evidence, convicted Duong of grand larceny.  On Duong's request, the court ordered a presentence report.

Prior to sentencing, Duong moved to preclude consideration of his juvenile adjudications because no notice had been given to his father and, therefore, those adjudications were void under the holding in Baker. The parties agreed that Lac Houng or Loc Houng, listed on the 1994 and 1995 petitions as Duong's father, was his stepfather, not his biological or legal father. The trial court denied the motion, ruling that Duong sought to make an impermissible collateral attack on the juvenile court adjudications.

At sentencing, the trial court made Duong's juvenile court record a part of the proceeding. Duong argued that the juvenile court record showed neither notice having been given to his father nor any finding as to why notice could not have been given. See Code § 16.1-263(A). The court again rejected Duong's contention, ruling that he could not collaterally attack his juvenile adjudications and that the sentencing guidelines were voluntary, not mandatory. The trial court sentenced Duong to three years imprisonment with two years suspended on each count,[1] the sentences to be served consecutively.

Duong contends that because his father was not given notice of the juvenile proceedings against him, his juvenile

---

[1] Considering the 1994 and 1995 juvenile adjudications, the sentencing guidelines set the range of punishment at one year, seven months, to three years, eleven months. If the juvenile adjudications were not considered, the guidelines called for probation and no imprisonment.

adjudications are void and, therefore, could not be considered in sentencing him on the larceny charges.  We agree.

## II.  ANALYSIS

Code § 16.1-263(A) states that "[a]fter a petition has been filed, the court shall direct the issuance of summonses . . . to the parents . . . ."  Id.[2]  "We have held that 'compliance with [Code § 16.1-263] relating to procedures for instituting proceedings against juveniles, are mandatory and jurisdictional. The failure to strictly follow the notice procedures contained in the Code [deny the defendant] a substantive right and the constitutional guarantee of due process.'"  Weese v. Commonwealth, 30 Va. App. 484, 489, 517 S.E.2d 740, 743 (1999) (quoting Karim v. Commonwealth, 22 Va. App. 767, 779, 473 S.E.2d 103, 108-09 (1996) (en banc)).  Thus, we have held that where a juvenile court conducts a delinquency proceeding without notifying the parents or certifying that notice cannot reasonably be obtained, a resulting conviction order is void. See Baker, 28 Va. App. at 315, 504 S.E.2d at 399; Williams v. Commonwealth, 26 Va. App. 776, 781-82, 497 S.E.2d 156, 159 (1998); Karim, 22 Va. App. at 779-80, 473 S.E.2d at 108-09.

---

[2] Although inapplicable here, effective July 1, 1999, Code § 16.1-263 was amended to permit the issuance of summonses to "at least one parent" in lieu of the previous requirement that summonses be served on "the parents."  See 1999 Va. Acts, c. 952.

The juvenile court did not give notice of the proceedings against Duong to his father or certify on the record that such notice could not reasonably be given. Therefore, Duong's prior juvenile adjudications are void, and the trial court erred in considering them when sentencing Duong on the grand larceny charges.

The Commonwealth notes that Duong did not seek, in this proceeding, to have his juvenile court adjudications voided and thus extinguished. It argues that he cannot refrain from having those adjudications ruled void while at the same time arguing that they are void for the purpose of subsequent sentencing. We disagree. A determination and adjudication that the earlier convictions were void and extinguishing them as such would require a direct attack on those adjudications in a properly structured proceeding. This is not such a case and is not an appropriate vehicle for such a direct attack. However, the failure to have those adjudications officially voided does not alter the fact that they are void and cannot be used against Duong.

The Commonwealth argues that the sentencing guidelines are discretionary and that the failure of a trial court to comply with any or all of their provisions is not subject to appeal. See Code § 19.2-298.01. It argues that the sentences imposed were within the limits provided by law for the offenses for which Duong pled guilty and, therefore, are sentences that the

trial court was authorized to impose.  Had Duong simply pled guilty, this argument would be persuasive.  However, he pled guilty pursuant to a plea agreement, which was accepted by the trial court.  The plea agreement expressly provided that the sentence imposed would be within the limits prescribed by the guidelines.  Having accepted the plea agreement, the trial court was bound by this provision.

For these reasons, we reverse the judgment of the trial court and remand this case for resentencing.

<u>Reversed and remanded.</u>