COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


CHARLES WHITNEY, S/K/A
 CHARLES ALBERT WHITNEY
                                    MEMORANDUM OPINION* BY
v.    Record No. 0835-00-1      JUDGE RUDOLPH BUMGARDNER, III
                                         MAY 1, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                      Westbrook J. Parker, Judge

              Joseph R. Winston, Special Appellate Counsel
              (Public Defender Commission, on briefs), for
              appellant.

              H. Elizabeth Shaffer, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     Charles Albert Whitney appeals the revocation of the

suspended sentence he received in 1994 when a juvenile.  He

contends the order of conviction was void because the juvenile

and domestic relations district court failed to notify his

father as required by Code § 16.1-263.  We agree and reverse.

     The Commonwealth charged the defendant, then a juvenile,

with distribution of cocaine on June 6, 1993.  The petition

identified his mother and his father but listed their addresses

as "unknown at intake."  Neither the mother nor the father

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

received notice of the transfer hearing, though the mother attended.  The transfer order noted the defendant "is not living with his parents and their addresses are unknown."  The trial court convicted the defendant and sentenced him on June 14, 1994 to ten years incarceration with five years suspended.  The trial court later revoked the suspended sentence on April 4, 2000 because the defendant violated the terms of his probation.

When the juvenile court fails to provide notice to a defendant's parents, the circuit court lacks jurisdiction to try the juvenile defendant as an adult because the transfer is ineffectual.  David Allen Moore v. Commonwealth, 259 Va. 431, 437, 527 S.E.2d 406, 409 (2000).  Code § 16.1-263(E)[1] defines the exception to the requirement for notice.  Notice is not required "when the trial judge has certified on the record that the identity of a parent is not reasonably ascertainable."  Baker v Commonwealth, 28 Va. App. 306, 312, 505 S.E.2d 394, 397 (1998), aff'd, 258 Va. 1, 516 S.E.2d 219 (1999).

The Commonwealth contends a return of service marked "address unknown" met the statutory exception that the father's

---

[1] Notification "shall [not] be required if the judge shall certify on the record that (i) the identity of a parent or guardian is not reasonably ascertainable or (ii) in cases in which it is alleged that a juvenile has committed a delinquent act, crime, status offense or traffic infraction or is in need of services or supervision, the location, or in the case of a parent or guardian located outside of the Commonwealth the location or mailing address, of a parent or guardian is not reasonably ascertainable."  Code § 16.1-263(E).

-

identity was not "reasonably ascertainable."  However, not knowing the address of an identified person is different from not knowing the identity of the person.  The record identifies the defendant's parents by name.  The identity of the father was ascertained; only his whereabouts were unknown.

The defendant's father did not receive notice, and the trial court did not certify on the record an exception permitted by Code § 16.1-263(E).  The conviction was void.  Duong v. Commonwealth, 34 Va. App. 424, 428, 542 S.E.2d 47, 49 (2001).  Accordingly, we reverse the imposition of the balance of the sentence imposed.  This decision makes the other assignment of error moot.

Reversed.