COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Frank


TRAVIS LAMONT POPE
                                          OPINION BY
v.    Record No. 0656-01-1            JUDGE ROBERT P. FRANK
                                        FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    H. Thomas Padrick, Jr., Judge

            (Keith Loren Kimball; Colgan, Kimball &
            Carnes, on brief), for appellant.  Appellant
            submitting on brief.

            (Randolph A. Beales, Attorney General;
            Michael T. Judge, Assistant Attorney General,
            on brief), for appellee.  Appellee submitting
            on brief.


     Travis Lamont Pope (appellant) was convicted in a bench

trial of carjacking, in violation of Code § 18.2-58.1, and use

of a firearm while committing carjacking, in violation of Code

§ 18.2-53.1.  On appeal, he contends the trial court erred in

considering sentencing guidelines that used his juvenile robbery

conviction.[1]  He argues the juvenile conviction is void and,

therefore, the court should not have considered it.  For the

reasons stated, we affirm both convictions.

---

     [1] For this case, we use the term "conviction" to refer to
both circuit court final determinations of guilt and findings of
delinquency by a juvenile and domestic relations district court.

BACKGROUND

The facts are not in dispute.

On October 30, 2000, appellant pled guilty to carjacking and use of a firearm in the commission of carjacking.  There was no plea agreement.  During the plea colloquy, appellant acknowledged he understood the maximum possible sentence for these offenses was life in prison plus three years.  At the conclusion of the plea proceeding, the circuit court accepted the pleas and continued the matter for the preparation of a pre-sentencing report.[2]

On January 31, 2001, appellant filed a motion in limine, asserting the sentencing range recommended by the Commonwealth was improper because the range was calculated using sentencing guidelines that considered a 1996 adjudication of delinquency for a robbery offense, entered by the Juvenile and Domestic Relations District Court of the City of Norfolk.  In his motion, appellant argued that since his father was not notified of the juvenile proceeding, the judgment was void under Commonwealth v. Baker, 258 Va. 1, 516 S.E.2d 219 (1999).[3]  The circuit court heard and denied the motion in limine on February 7, 2000.

---

[2] Appellant does not contest the voluntariness of his guilty plea nor did he at any time move to withdraw his guilty plea.

[3] Prior to sentencing, appellant apparently filed a Baker motion with the Norfolk Juvenile and Domestic Relations District Court, but that motion was not heard prior to sentencing on the carjacking and firearm offenses.  Nothing in the record suggests the juvenile adjudication was ever found void by any court.

At sentencing, the court considered sentencing guidelines prepared by defense counsel, which did not include the juvenile robbery adjudication.  These guidelines gave a range of seven years and seven months to eleven years and ten months, with a midpoint of ten years and three months.  The Commonwealth's guidelines gave a range of seventeen years and eight months to twenty-seven years and nine months, with a midpoint of twenty-three years and eleven months.

At the sentencing hearing, the victim testified that the carjacking took place in front of his home, requiring that he re-live the incident daily.  He stated, "I'm not sure you can live there every day and be the same."

Before announcing the sentence, the trial court stated:

> I've looked at the guidelines that have been prepared both by the Commonwealth and the probation department, and I've also reviewed the guidelines prepared by [the defense] attorney.  I considered all of them.  The trial court feels that, based on the totality of the evidence and your record and what actually occurred, this is not a guidelines case.  I've reviewed them and considered both of them.

The court sentenced appellant to fifty years in prison, with twenty-five years suspended, for the carjacking conviction and three years in prison for the firearm conviction.  In setting this sentence, the court took into account appellant's "senseless" and "extreme criminal behavior" and the trauma to the victim.

## ANALYSIS

Appellant argues the juvenile robbery conviction is void and, therefore, any sentencing that considered that conviction is tainted. However, his underlying premise is wrong, given the Supreme Court's recent decision in Nelson v. Warden of the Keen Mountain Corr. Ctr., 262 Va. 276, 552 S.E.2d 73 (2001).

Prior to Nelson, the Supreme Court had provided support for appellant's argument in Moore v. Commonwealth, 259 Va. 431, 437-40, 527 S.E.2d 406, 409-11 (2000). Moore held that a juvenile court did not have authority to exercise subject matter jurisdiction over a child faced with criminal charges if that court failed to notify the parents of the juvenile's charges, thus making any judgment of that court void. Id.

Moore, like appellant here, had not preserved this argument for direct appeal of the challenged conviction. Id. at 436, 527 S.E.2d at 408. The Supreme Court, however, found Moore's conviction was void, explaining:

> Subject matter jurisdiction is granted by constitution or statute. Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 894 (1947). It cannot be waived and any judgment rendered without it is void ab initio. Moreover, lack of subject matter jurisdiction "may be raised at any time, in any manner, before any court, or by the court itself." Id., 43 S.E.2d at 893. In contrast, "[a] court's authority to exercise its subject matter jurisdiction over a case may be restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court's lawful exercise of that jurisdiction." [Dennis] Moore v. Commonwealth, 259 Va. 405, 409, 527 S.E.2d 415, 417 (2000) (decided today) (holding that the failure to give statutorily required notice of initiation of juvenile court proceeding to juvenile's parent is a

> defect in those proceedings cured by Code
> § 16.1-269.1(E)).
>
>     *     *     *     *     *     *     *
>
> [W]e have held that the statutory
> requirement of parental notice of the
> initiation of proceedings in the juvenile
> court, under various former versions of what
> is now Code § 16.1-263, are mandatory in
> nature and limit a court's rightful exercise
> of its subject matter jurisdiction.
>
>     *     *     *     *     *     *     *
>
> Based on this Court's unswerving adherence
> to the nature of this notice requirement to
> parents, this requirement as applied to
> Moore's case was "mandatory."  Thus,
> because it failed to comply with this
> mandatory requirement, the juvenile court
> lacked authority to exercise its subject
> matter jurisdiction over the offenses
> charged against Moore.

Id. at 437-39, 527 S.E.2d at 409-10.

Nelson effectively overruled this analysis in Moore.  The
Supreme Court stated in Nelson, "We are of [the] opinion David
Moore is flawed by our failure to recognize that, in the legal
and factual framework in which the decision was made, a different
outcome should have resulted from the distinction we drew between
subject matter jurisdiction and the authority to exercise that
jurisdiction."  262 Va. at 282, 552 S.E.2d at 76.  The Court
explained that the parental notification requirement is not
jurisdictional, but procedural, and "a failure to notify parents
[can] be waived by a failure to object," meaning "a failure to
comply with the requirement [would render] subsequent convictions
voidable and not void.  To the extent David Moore conflicts with
these views, it is overruled."  Id. at 285, 552 S.E.2d at 77.

As in Nelson, appellant herein did not preserve his argument that the juvenile court failed to give his father notice of the robbery charge. Instead, he raised this issue collaterally by filing a motion in limine to exclude consideration of that juvenile conviction, after he pled guilty to the two separate offenses appealed here.

A voidable judgment is subject to direct attack at any time before the judgment becomes final, but is not subject to collateral attack.[4] Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983); Commonwealth v. Brown, 28 Va. App. 781, 790, 508 S.E.2d 916, 921 (1999); Commonwealth v. Holtz, 12 Va. App. 1151, 1154, 408 S.E.2d 561, 563-64 (1991).

Appellant said during the proceedings on the carjacking and firearm charges that he was not asking the court to "wipe out" the juvenile conviction. However, he argued that the previously final judgment of delinquency was invalid based on Baker and its progeny and, therefore, should not be considered for sentencing purposes. This attack on the robbery conviction, made during an unrelated case, is clearly collateral. See Black's Law Dictionary 255 (7th ed. 1999) (defining "collateral attack" as "[a]n attack on a judgment entered in a different proceeding").

Appellant also cites Duong v. Commonwealth, 34 Va. App. 424, 542 S.E.2d 47 (2001), to support his position that the juvenile robbery conviction should not have been used in the sentencing guidelines to calculate a sentencing range. The Duong panel

_____

[4] Limited exceptions to this rule do exist, such as petitions for a writ of habeas corpus, see Code § 8.01-654 et seq. However, those exceptions are not relevant here.

found, since Duong's juvenile convictions were void for failure to notify his father, that those convictions could not be used to calculate a sentencing recommendation under the guidelines.  Id. at 428, 542 S.E.2d at 49.

However, Duong is not controlling here.  Inasmuch as Duong stands for the proposition that a prior juvenile conviction can be collaterally attacked as void based on the failure to notify a parent, Nelson effectively overrules that proposition.  Compare id. at 428, 542 S.E.2d at 48-49, with Nelson, 262 Va. at 281-82, 552 S.E.2d at 75-76.

Based on the Supreme Court's decision in Nelson, we find appellant's argument is without merit.  Accordingly, we affirm the convictions.

Affirmed.