COURT OF APPEALS OF VIRGINIA

Present   Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner, Frank,
          Humphreys, Clements, Felton, Kelsey and McClanahan
Argued at Richmond, Virginia


DANIEL EMMETT DE AVIES
                                                          OPINION BY
v.       Record No. 3142-02-4                    JUDGE D. ARTHUR KELSEY
                                                       FEBRUARY 3, 2004
KATHY LYNN DE AVIES


UPON REHEARING EN BANC[*]

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

Peter M. Fitzner (Carl P. Horton, on brief), for appellant.

Lawrence D. Gaughan for appellee.


        Daniel Emmett De Avies appeals the trial court's denial of his motion to vacate a final

divorce decree entered in March 2000.  Husband concedes that the decree memorialized an

agreement between the parties made in open court.  He also agrees that he confirmed his consent

with the trial judge and authorized his counsel to sign the consent decree on his behalf.  Husband

argues on appeal, however, that the portion of the decree awarding spousal support should be

vacated as void because he never personally signed the decree.  We find this position meritless and

affirm the trial court's decision.

_____

        [*] This matter comes before the Court pursuant to Code § 17.1-402(D) ("The court may sit
en banc upon its own motion at any time, in any case in which a majority of the court determines
it is appropriate to do so.").

Kathy Lynn De Avies filed a complaint seeking a divorce from Daniel Emmett De Avies in 1998. After several pretrial motions and hearings, the matter came before the circuit court for an *ore tenus* hearing on all remaining issues. The parties appeared before the trial court and announced that they had settled all issues involving equitable distribution, spousal and child support, and custody and visitation. The trial judge conducted a hearing to inquire into the agreement. The court received five stipulated exhibits outlining the agreed distribution of over $1,000,000 in assets. On behalf of their respective clients, counsel read into the record in open court the specific terms of their agreement on all issues. The agreement included a provision awarding spousal support to wife in the amount of $5,000 a month, later to be reduced to $4,000 a month, for a period of five years. The trial judge confirmed that both parties agreed to the terms of the final settlement and requested that counsel prepare a final decree incorporating each of the agreed-upon terms.

About a week later, counsel submitted to the trial court a detailed final decree tracking provision-by-provision the agreement reached in open court. The decree stated:

> The parties voluntarily entered into a property settlement agreement as read into the record with a court reporter present on March 6, 2000, the terms of which are reflected below in this Decree. An original transcript of this record shall be placed in the file of this case when it has been furnished by the court reporter. The parties have reached a settlement of all the support and property matters between them and there is no reason that their agreement should not be made into an order of this Court.

Counsel for both parties signed the decree "Seen and Agreed" to denote their respective client's consent to its terms. The decree identified husband as "Defendant" and identified husband's counsel as "Counsel for Defendant." The court entered the final decree on March 15, 2000. Neither party filed any post-judgment motions within 21 days of the final decree alleging any error in the manner in which the agreement was consummated or in the process employed by the trial court to memorialize the agreement. Nor did either party appeal.

Over a year later, in September 2002, husband filed a "Motion to Vacate Final Decree as to Property and Support." He argued that the consent decree memorialized a property settlement and spousal support agreement signed by counsel, but not by their clients, in violation of Code § 20-109(C) and § 20-149 (governing property settlement agreements pursuant to § 20-155). Husband argued that the omission of his personal signature rendered the decree "void as to the property and spousal support issues, requiring a new and separate hearing by this Court."

The trial court denied the motion to vacate the decree as void. "I think it is an absurd position to say," the court reasoned, "that the party and the counsel are not the same for purposes of signing documents ending litigation." Whether that was true or not, the trial court ruled, really did not matter. Even if the consent decree contained this signature error, it was "attackable directly within 21 days on reconsideration or within 30 days on appeal." Given that both the 21-day reconsideration period and 30-day appeal period had passed without any action by husband, the trial court concluded that "it is final and cannot be attacked in this way and that is my ruling." Husband now appeals.

II.

Whether an alleged error by a trial court renders its order void turns on the subtle, but crucial, difference "between the power of a court to adjudicate a specified class of cases, commonly known as 'subject matter jurisdiction,' and the authority of a court to exercise that power in a particular case." Edwards v. Commonwealth, 41 Va. App. 752, 764, 589 S.E.2d 444, 449-50 (2003) (*en banc*) (quoting Nelson v. Warden of the Keen Mt. Corr. Ctr., 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001)); see also Commonwealth v. JOCO Found., 263 Va. 151, 160, 558 S.E.2d 280, 284 (2002). This distinction guards against the *faux* elevation of a court's failure "to comply with the requirements for exercising its authority to the same level of gravity as a lack of subject matter jurisdiction." Nelson, 262 Va. at 281, 552 S.E.2d at 75. In this sense, a trial court

has "jurisdiction to err" just as an appellate court has jurisdiction to correct such errors.  Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 146 (1995) (citation omitted).

An order issued by a court with subject matter jurisdiction, even if arguably erroneous and thus voidable, is still a court order.  As a result, it governs the parties before the court until vacated by the trial court upon reconsideration (assuming a timely ruling under Rule 1:1), or reversed by an appellate court (assuming a timely appeal under Rules 5A:6(a) and 5:9), or set aside pursuant to a bill of review (if filed within the limitations of Code § 8.01-623), or successfully challenged in an independent action pursuant to Code § 8.01-428.  See Whiting v. Whiting, 262 Va. 3, 3, 2001 Va. LEXIS 83, at *2 (2001).  A voidable order, however, cannot be set aside upon a "collateral attack."  Pope v. Commonwealth, 37 Va. App. 451, 456, 559 S.E.2d 388, 390 (2002).

On the other hand, an order issued by a court without subject matter jurisdiction is, in the eyes of the law, no order at all.  It is "void *ab initio*," Nelson, 262 Va. at 281, 552 S.E.2d at 75, a "complete nullity," Singh v. Mooney, 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001) (citation omitted).  As such, it can be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner."  Id.

To determine whether an alleged error undermines a trial court's subject matter jurisdiction, we focus on the statutory language delegating power to the courts to decide the issue and the legislative design it reveals.  The error asserted by husband in this case — an alleged violation of the signature requirements of Code §§ 20-109(C) and 20-149 — does not implicate subject matter jurisdiction.  The legislature delegated power to trial courts to decide equitable distribution issues in Code § 20-107.3 and the power to award spousal support in Code § 20-107.1.  Neither of those two enabling statutes expressly states or implicitly reveals a legislative intent to *precondition* the exercise of those powers upon compliance with the

signature requirements of Code § 20-109(C) or Code § 20-149. Nor does anything in the legislative design of Title 20 suggest that a violation of these requirements unravels a trial court's subject matter jurisdiction once it has been properly acquired.

For these reasons, the consent decree could not be set aside as void even if it did violate the signature requirements of Code §§ 20-109(C) and 20-149. Because the decree cannot be collaterally attacked, the trial court properly denied husband's motion to vacate.

<u>Affirmed.</u>