COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


TINA E. HUDSON

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 0576-06-3                        JUDGE WILLIAM G. PETTY
                                                         FEBRUARY 13, 2007

FRANKLIN COUNTY DEPARTMENT
 OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                            William N. Alexander, Judge

            John T. Boitnott; Deanna P. Stone, Guardian *ad litem* for the minor
            child (Hutcherson & Rhodes, on brief), for appellant.[1]

            (Robin E. Dearing, on brief), for appellee.  Appellee submitting on
            brief.


        Appellant, Tina E. Hudson, appeals the trial court's order declaring void, for lack of

subject matter jurisdiction, a 2003 order awarding her custody of her biological child.  For the

reasons that follow, we reverse.

                                    I.  BACKGROUND

        On appeal, we view the evidence in the light most favorable to the Franklin County

Department of Social Services ("FDSS"), the prevailing party below.  See Martin v. Pittsylvania

County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).  "Where the record

contains credible evidence in support of the findings made by that court, we may not retry the

facts or substitute our view of the facts for those of the trial court."  Ferguson v. Stafford County

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] As guardian *ad litem* for the minor child, Deanna P. Stone provided notice, pursuant to
Rule 5A:19(d), of the intent to rely on appellant's opening brief.

Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 4 (1992). With these principles in mind, the facts show the following:

On June 21, 1995, Hudson gave birth to J.B. On December 10, 1999, Hudson's mother and stepfather adopted J.B. in the Circuit Court of Franklin County. Hudson, however, continued to maintain regular contact with J.B. In 2002, both adoptive parents died, and Hudson sought custody of J.B. in a proceeding initiated in the Juvenile and Domestic Relations District Court of Franklin County ("district court"). On January 10, 2003, after completion of a court-ordered custody investigation by FDSS, the district court held a hearing and entered a final order, awarding custody of J.B. to Hudson.

On June 29, 2004, the district court transferred custody of J.B. to FDSS, as the result of an abuse or neglect case initiated by FDSS. The goal of the foster care plan submitted by FDSS was to return custody of J.B. to Hudson. At a foster care review hearing held on June 30, 2005, however, FDSS made a verbal request to amend the foster care plan to place J.B. for adoption, arguing that the 2003 order granting custody of J.B. to Hudson was void for lack of subject matter jurisdiction. The district court denied the request, and FDSS appealed to the circuit court. On *de novo* appeal, the trial court ruled that the January 10, 2003 order awarding Hudson custody of J.B. was void for lack of jurisdiction. The trial court reasoned that because Hudson's parental rights were terminated when the child was adopted, she was not a party with a legitimate interest under Code § 16.1-241,

and thus the district court did not have jurisdiction to grant her custody.[2]  Hudson appealed this ruling.[3]

## II.  ANALYSIS

Hudson challenges the trial court's determination that the 2003 order awarding her custody of her biological child is void for lack of jurisdiction.[4]  Relying upon Code § 16.1-241, Hudson contends the district court had subject matter jurisdiction to hear the custody dispute and that any error in the district court's ruling would merely have rendered the 2003 order voidable as opposed to void.[5]  For reasons set forth below, we agree with Hudson and reverse.

Code § 16.1-241 pertains to the jurisdiction of the district courts, and at the time of the 2003 custody hearing provided in pertinent part:

> [E]ach juvenile and domestic relations district court shall have, within the limits of the territory for which it is created, exclusive original jurisdiction . . . over all cases, matters and proceedings involving:

---

[2] In its letter opinion, the trial court noted:

> While the juvenile court certainly has subject matter jurisdiction over child custody matters, it does not have jurisdiction to decide a custody petition filed by a person without a legitimate interest. Since the court was without jurisdiction the order awarding custody to the natural mother, Tina Hudson, is void.

[3] Because of the result reached, we need not address the second issue raised by Hudson that following the adoption, she should be viewed as J.B.'s half-sister for purposes of standing to seek custody under Code § 16.1-241.

[4] When a court enters a court order without subject matter jurisdiction or jurisdiction over the parties, the court order is void and may be "'impeached directly or collaterally by all persons, anywhere, at any time, or in any manner.'" Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (quoting Barnes v. Am. Fertilizer Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925)).  However, when a court with jurisdiction enters an order containing reversible error, the order is voidable. Id. at 52, 541 S.E.2d at 551.

[5] Code § 63.2-1215 provides that "[t]he birth parents, . . . shall, by final order of adoption, be divested of all legal rights and obligations in respect to the child including the right to petition any court for visitation with the child."

A.  The custody, visitation, support, control or disposition of a child:

* * * * * * *

2.  Who . . . is without parental care and guardianship;

* * * * * * *

3.  Whose custody, visitation or support is a subject of controversy or requires determination.

"Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies." Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999) (citing Morrison v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990)).  "[O]bjections to subject matter jurisdiction may be raised at any time and are not waivable." Owusu v. Commonwealth, 11 Va. App. 671, 672, 401 S.E.2d 431, 431 (1991). Moreover, "a judgment is void *ab initio* [] if it 'has been . . . entered by a court that did not have jurisdiction over the subject matter or the parties.'" Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 145 (1995) (quoting Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)).

Hudson asserts that when the district court awarded her custody of J.B. in 2003, the district court had subject matter jurisdiction to determine whether she was a "party with a legitimate interest" as defined by Code § 16.1-241.  Thus, even if the district court incorrectly decided the custody issue raised in the case, the improper ruling would constitute trial error and not concern subject matter jurisdiction.  In contrast, FDSS argues that the district court lacked jurisdiction to award custody of a child to a person who does not qualify as a "party with a legitimate interest" as defined by Code §§ 16.1-241 and 20-124.1.

We recognize that whether a judicial order can be attacked as void "turns on the subtle, but crucial, difference between the power of a court to adjudicate a specified class of cases, commonly known as subject matter jurisdiction, and the authority of a court to exercise that

- 4 -

power in a particular case." De Avies v. De Avies, 42 Va. App. 342, 345, 592 S.E.2d 351, 352

(2004) (*en banc*) (quoting Edwards v. Commonwealth, 41 Va. App. 752, 764, 589 S.E.2d 444,

449-50 (2003) (*en banc*)) (internal quotation marks omitted).  This distinction is critical because

"[a]n order issued by a court with subject matter jurisdiction, even if arguably erroneous and thus

voidable, is still a court order."  Id. at 346, 592 S.E.2d at 353.  Voidable court orders are not

subject to collateral attacks, however, and must be challenged by timely appellate review.  Id.

(citing Pope v. Commonwealth, 37 Va. App. 451, 456, 559 S.E.2d 388, 390 (2002)).  "To

determine whether an alleged error undermines a trial court's subject matter jurisdiction, we

focus on the statutory language delegating power to the courts to decide the issue and the

legislative design it reveals."  Id.

FDSS asserts that because of statutory amendments to Code § 16.1-241, the district court

lacked jurisdiction to award custody of J.B. to Hudson and argues that Hudson's continued

reliance upon the jurisdictional analysis set forth in Thrift v. Baldwin, 23 Va. App. 18, 473

S.E.2d 715 (1996), is misplaced.[6]  Following our decision in Thrift, we interpreted the phrase,

_____

[6] The pertinent portion of Code § 16.1-241 in effect when the district court issued its custody ruling in 2003 provided:

> The *authority* of the juvenile court to adjudicate matters involving
> the custody, . . . of a child shall not be limited to the consideration
> of petitions filed by a mother, father or legal guardian but shall
> include petitions filed at any time by any party with a legitimate
> interest therein.  A party with a legitimate interest shall be broadly
> construed and shall include, but not be limited to, grandparents,
> stepparents, former stepparents, blood relatives and family
> members.  A party with a legitimate interest shall not include any
> person (i) whose parental rights have been terminated by court
> order, either voluntarily or involuntarily, or any other person
> whose interest in the child derives from or through such person
> whose parental rights have been so terminated, including, but not
> limited to, grandparents, stepparents, former stepparents, blood
> relatives and family members, if the child subsequently has been

- 5 -

"party with a legitimate interest," in Code § 20-124.1, as pertaining to standing[7] to seek custody or visitation rights, and not relating to the subject matter jurisdiction of the court.[8] See Surles v. Mayer, 48 Va. App. 146, 166, 628 S.E.2d 563, 573 (2006); see also Crockett v. McCray, 38 Va. App. 1, 560 S.E.2d 920 (2002) (holding that biological mother lacked standing to seek post-adoption visitation with her child). The argument set forth by FDSS erroneously equates "standing" with "subject matter jurisdiction."

Unlike subject matter jurisdiction, challenges to standing must be timely made. Failure to raise a proper and timely objection to standing precludes appellate review. Martin v. Ziherl, 269 Va. 35, 39, 607 S.E.2d 367, 368-69 (2005). Although the trial court recognized that the district court had subject matter jurisdiction over custody matters, the trial court incorrectly determined that an arguably improper custody ruling by the district court rendered in January 2003 was "void" and therefore subject to collateral attack.

When a court has subject matter jurisdiction, and "the parties are before it, or have had notice and an opportunity to be heard, a mistaken exercise of that jurisdiction does not render its

---

legally adopted, except where a final order of adoption is entered pursuant to § 63.2-1241, . . . .

(Emphasis added).

[7] "The concept of standing concerns itself with the characteristics of the person or entity who files suit. The point of standing is to ensure that the person who asserts a position has a substantial legal right to do so and that his rights will be affected by the disposition of the case." Cupp v. Bd. of Supervisors, 227 Va. 580, 589, 318 S.E.2d 407, 411 (1984).

[8] The pertinent portion of Code § 16.1-241(A), defining "party with a legitimate interest" in effect when the district court issued its custody ruling in 2003, essentially mirrored the definition provided in Code § 20-124.1.

judgment void . . . ." County School Bd. v. Snead, 198 Va. 100, 107, 92 S.E.2d 497, 503 (1956). A court's mistaken exercise of its jurisdiction will give rise, instead, to an appeal of that court's erroneous judgment, at which time, assuming the error is properly preserved, "the Court of Appeals [is] bound to declare void what theretofore had been merely voidable." Nelson v. Warden of Keen Mountain Corr. Ctr., 262 Va. 276, 285, 552 S.E.2d 73, 78 (2001). Because the district court had subject matter jurisdiction to decide the custody matter in 2003, we determine that any defects in the order awarding Hudson custody of J.B. rendered it voidable, not void. Therefore, FDSS waived the issue of whether Hudson was a "party with a legitimate interest" to seek custody of J.B. by failing to timely appeal the district court's order in 2003.[9] J.P. v. Carter, 24 Va. App. 707, 724, 485 S.E.2d 162, 171 (1997).

### III. CONCLUSION

For these reasons, we reverse the decision of the trial court, vacate its order declaring the district court's order awarding custody to Hudson void, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

[9] We note that our decision here is distinguishable from Kogon v. Ulerick, 12 Va. App. 595, 405 S.E.2d 441 (1991), and the Virginia Supreme Court case, West v. King, 220 Va. 754, 263 S.E.2d 386 (1980), upon which Kogon was decided. The holding in each of those cases was that Code § 16.1-241 did not confer jurisdiction upon the juvenile and domestic relations district court, nor the circuit court on appeal, to award child visitation rights to a third party in derogation of the existing rights of the custodial parents, absent express statutory authority to do so. That is not the context in which we are required to analyze Code § 16.1-241 in the instant case.