# CIRCUIT COURT OF ROCKINGHAM COUNTY

Colin Michael Moran

v.

Commonwealth of Virginia

April 4, 2007

Case No. CL06-00725

BY JUDGE JOHN J. MCGRATH, JR.

This matter is before the Court on the Attorney General's Motion to Vacate the Court's Order of October 2, 2006, which expunged Petitioner's record of having been charged with trespassing and grand larceny.

The events leading up to this Motion are fairly simple, if regrettable. Petitioner filed a Petition for Expungement on August 24, 2006. The Petition alleged that the Petitioner had been charged with littering on October 10, 2004, and with grand larceny on November 30, 2005. The Petition further alleged that the littering charge had been dismissed and that the grand larceny charge had been reduced to petty larceny and then dismissed.

The Commonwealth filed an Answer to the Petition for Expungement on August 31, 2006, admitting these allegations and indicating: "Wherefore, the Commonwealth does not object to this Expungement." An agreed upon Order was submitted for entry by the Court, and the Commonwealth endorsed the Order "Seen and not objected to." This Order of Expungement was duly entered by the Court on October 2, 2006.

On November 1, 2006, the Virginia Department of State Police appearing by the Attorney General filed a Motion to Vacate the October 2, 2006, Order as Void *ab Initio*. The Movant stated that the disposition record

of the two cases showed that they were "dismissed" only after they had been taken under advisement and the Petitioner had been required to perform various amounts of community service before the charges were "dismissed."

The Attorney General's argument is that considering the Supreme Court's holdings in the triumvirate of *Daniels v. Commonwealth*, 268 Va. 523 (2004); *Commonwealth v. Jackson*, 255 Va. 552 (1998); and *Gregg v. Commonwealth*, 227 Va. 504 (1984), this Court was without jurisdiction to grant an expungement in this case, and the Court's Order of Expungement is void *ab initio*.

Petitioner argues that the Order of October 2, 2006, is final. No appeal from the Order was taken, and, pursuant to Rule 1:1 of the Rules of the Virginia Supreme Court, this Court is without jurisdiction to alter or modify the Order. See, *e.g., Rook v. Rook*, 233 Va. 92 (1987). Petitioner further argues that, even if it is assumed, *arguendo*, that the Court did not have the statutory authority to order the expungement, the Court was merely in error and that it clearly had jurisdiction over the parties and the subject matter of the suit. Therefore, according to the Petitioner, the expungement was an error which could only be set aside by a timely filed appeal.

Petitioner relies primarily on the case of *Parrish v. Jesse*, 250 Va. 514 (1995), wherein the Supreme Court stated:

> Under settled legal principles, a judgment is void *ab initio* only if it "has been procured by extrinsic or collateral fraud, or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Otherwise a judgment is merely voidable and may be set aside only (1) by motion to the trial court filed within twenty-one days of its entry, Rule 1:1, (2) on direct appeal, *Rook v. Rook*, 233 Va. at 95, 353 S.E.2d at 758, or (3) by bill of review, Code § 8.01-623, *Blunt v. Lentz*, 241 Va. 547, 550, 404 S.E.2d 62, 64 (1991). "Judgments that are void [*ab initio*], however, may be attacked in any court at any time, directly or collaterally." *Rook*, 233 Va. at 95, 353 S.E.2d at 758.
>
> The validity of a judgment based upon a challenge to the application of a statute raises a question of trial error, and not a question of jurisdiction. *Pflaster v. Town of Berryville*, 157 Va. 859, 864, 161 S.E. 58, 60 (1931). *See generally,* M. L. Cross, Annotation, *Validity and Effect of Judgment Based upon Erroneous View as to Constitutionality or Validity of a Statute or Ordinance Going to the Merits*, 167 A.L.R. 517 (1947). "[I]f

the inferior court has jurisdiction of the subject matter of the controversy, and the parties are before it . . . a mistaken exercise of that jurisdiction does not render its judgment void." *County School Bd. v. Snead*, 198 Va. 100, 107, 92 S.E.2d 497, 503 (1956). "[T]he court has jurisdiction to err, as well as to correctly adjudicate the questions before it for decision, and the remedy to correct the errors of the court is solely by appeal." *Farant Investment Corp. v. Francis*, 138 Va. 417, 436, 122 S.E. 141, 147 (1924); *see also Kiser v. W. M. Ritter Lumber Co.*, 179 Va. 128, 136, 18 S.E.2d 319, 322 (1942).

*Id.* at p. 521.

The *Daniel*, *Jackson*, and *Gregg* cases, *supra*, which indicate that the expungement in this case may have been in error were all direct appeals of the circuit courts' grant or denial of expungement; none of them involved a later filed collateral attack on a final order. There is nothing in the language of those three cases which suggest that the Supreme Court found any "lack of jurisdiction" in the circuit courts, but that the Supreme Court simply based its holdings on statutory interpretation of the expungement statute. In a recent unpublished opinion, the Court of Appeals in *Hudson v. Franklin County Dept. of Social Services*, (Va. App. Feb. 13, 2007), dealt with the issue of whether a Court's mistaken exercise of its jurisdiction is void or voidable. The Court of Appeals in that case stated:

> We recognize that whether a judicial order can be attacked as void "turns on the subtle, but crucial, difference between the power of a court to adjudicate a specified class of cases, commonly known as subject matter jurisdiction, and the authority of a court to exercise that power in a particular case." *DeAvies v. DeAvies*, 42 Va. App. 342, 345, 592 S.E.2d 351, 352 (2004) (*en banc*) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 764, 589 S.E.2d 444, 449-50 (2003) (*en banc*) (internal quotation marks omitted)). This distinction is critical because "[a]n order issued by a court with subject matter jurisdiction, even if arguably erroneous and thus voidable, is still a court order." *Id.* at 346, 592 S.E.2d at 353. Voidable court orders are not subject to collateral attacks, however, and must be challenged by timely appellate review. *Id.* (citing *Pope v. Commonwealth*, 37 Va. App. 451, 456, 559 S.E.2d 388, 390 (2002)). "To determine whether an alleged error undermines a

trial court's subject matter jurisdiction, we focus on the statutory language delegating power to the courts to decide the issue and the legislative design it reveals." *Id.* . . .

When a court has subject matter jurisdiction, and "the parties are before it, or have had notice and an opportunity to be heard, a mistaken exercise of that jurisdiction does not render its judgment void. . . ." *County School Bd. v. Snead*, 198 Va. 100, 107, 92 S.E.2d 497 (1956). A court's mistaken exercise of its jurisdiction will give rise, instead, to an appeal of that court's erroneous judgment, at which time, assuming the error is properly preserved, "the Court of Appeals [is] bound to declare void what theretofore had been merely voidable." *Nelson v. Warden of Keen Mountain Corr. Ctr.*, 262 Va. 276, 285, 552 S.E.2d 73, 78 (2001). Because the district court had subject matter jurisdiction to decide the custody matter in 2003, we determine that any defects in the order awarding Hudson custody of J.B. rendered it voidable, not void.

(Va. Ct. App. Opinion, pp. 4-5.) Pursuant to § 17-413 of the Code of Virginia, this opinion was not designated for publication and, therefore, has no precedential value. *E.g., Freidberg v. Hague Park Apts.*, 61 Va. Cir. 589 (Norfolk 2001) (Poston, J.). Therefore, the opinion is cited here merely for its persuasive reasoning and language and not as precedent.

In this case, there is no question that the Court had subject matter jurisdiction to issue an Order of Expungement (§ 19.2-392.2(3) of the Code of Virginia), and there is no question that both parties had submitted to the personal jurisdiction of the Court. Therefore, the Court's Order of Expungement was not void, but at best was voidable. No appeal having been taken in a timely fashion and twenty-one days having passed from the entry of the Order, that Order is final. In light of this ruling, the Court's Order *Nunc pro Tunc* of December 21, 2006, entered on December 21, 2006, was improvidently granted and is hereby vacated.

Wherefore, it is adjudged, ordered, and decreed that the Commonwealth's Motion to Vacate Order as Void *ab Initio* be and is hereby denied.

The Clerk of this Court is directed to send an attested copy of this Opinion and Order to Robert F. Keefer, Esquire, counsel for the Petitioner; to James O. Towey, Assistant Attorney General; and to Anthony W. Bailey, Esquire, Assistant Commonwealth's Attorney.