COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Humphreys and Kelsey
Argued at Chesapeake, Virginia


MARTIN GARCIA NAJERA

                                                                    OPINION BY
v.       Record No. 1714-05-1                    JUDGE D. ARTHUR KELSEY
                                                                    MAY 23, 2006
CHESAPEAKE DIVISION OF SOCIAL SERVICES


                  FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                                    Randall D. Smith, Judge

           Harry Dennis Harmon, Jr., for appellant.

           John E. Oliver (City of Chesapeake Attorney's Office, on brief),
           for appellee.

           Charles H. Staples (Benchmark Legal Services, L.L.C., on brief),
           Guardian *ad litem* for minor child.


       Martin Garcia Najera appeals a circuit court order approving a foster care plan

recommending termination of his residual parental rights and adoption of his child.  We dismiss

the appeal as moot.

                                                      I.

       In September 2004, the Chesapeake Juvenile and Domestic Relations District Court (JDR

court) approved a foster care plan recommending termination of Najera's residual parental rights

and adoption of his son, a child in the custody of the Chesapeake Division of Social Services

(DSS) since his birth in July 2003.  In a later proceeding, the same court granted DSS's petition

to terminate Najera's residual parental rights concerning the child.  For reasons indiscernible

from the record, Najera appealed to the circuit court the JDR court's decision to approve DSS's

foster care plan recommendations — but not the JDR court's decision to terminate his residual

parental rights.  On *de novo* appeal of the foster care plan decision, the circuit court approved the

plan and found DSS's recommendations in the child's best interest. The circuit court also found that Najera did not appeal the JDR court's termination decision, and thus, that matter was not before the circuit court.

Najera appeals the circuit court order to us, arguing that the evidence was insufficient to sustain the recommendations made in the DSS foster care plan. Najera, however, does not contest the circuit court's finding that he had not appealed the JDR court's order terminating his residual parental rights. Najera represents that he intended to file an appeal of the termination decision, but concedes that no record of such an appeal exists.

II.

When a court terminates a parent's residual rights, the "ties between the parent and child are severed forever, and the parent becomes a legal stranger to the child." C. S. v. Virginia Beach Dep't of Soc. Servs., 41 Va. App. 557, 564, 586 S.E.2d 884, 887 (2003) (citations and internal quotation marks omitted); Commonwealth *ex rel.* Spotsylvania Dep't of Soc. Servs. v. Fletcher, 38 Va. App. 107, 562 S.E.2d 327 (2002), aff'd, 266 Va. 1, 581 S.E.2d 213 (2003). The termination decision must follow the approval of a foster care plan recommending termination. Code § 16.1-281(A). A preponderance-of-the-evidence standard governs judicial review of the foster care plan recommendations, while the more stringent clear-and-convincing-evidence standard applies to the ultimate termination decision. Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 266 & n.3, 616 S.E.2d 765, 769-70 & n.3 (2005). For this reason, it necessarily follows that a termination decision, if final and unappealed, moots any justiciable contest over a prior decision to approve DSS's foster care plan recommendations.

In other words, it no longer matters whether (under a preponderance-of-the-evidence standard) it is in the child's best interests for DSS to recommend termination for planning purposes — the JDR court has already terminated Najera's parental rights, finding (under a

- 2 -

clear-and-convincing-evidence standard) that the child's best interests *require* termination. The DSS plan to terminate, therefore, has been superseded by the judicial act of termination. By not appealing the termination order, Najera ended any further judicial review of that issue and, *a fortiori*, put to rest any litigable controversy over DSS's plan for termination. See, e.g., In re Jessica K., 79 Cal. App. 4th 1313, 1316-17 (Cal. Ct. App. 2000) (holding that a final, unappealed termination order renders moot an appeal of a family court order preceding the termination).

It is not that simple, Najera argues. A successful challenge on appeal of the DSS plan for termination, Najera reasons, would enable him to collaterally attack as void the unappealed JDR termination order. We disagree. Whether a judicial order can be attacked as void "turns on the subtle, but crucial, difference between the power of a court to adjudicate a specified class of cases, commonly known as 'subject matter jurisdiction,' and the authority of a court to exercise that power in a particular case." De Avies v. De Avies, 42 Va. App. 342, 345, 592 S.E.2d 351, 352 (2004) (*en banc*) (citations omitted). "This distinction guards against the *faux* elevation of a court's failure 'to comply with the requirements for exercising its authority to the same level of gravity as a lack of subject matter jurisdiction.'" Id. at 345-46, 592 S.E.2d at 352. In making that distinction, we "focus on the statutory language delegating power to the courts to decide the issue and the legislative design it reveals." Id. at 346, 592 S.E.2d at 353.

In Code §§ 16.1-281 through 16.1-282.2, the legislature delegated power to JDR courts to review, approve, and disapprove DSS foster care plans. The authority to terminate residual parental rights comes from Code § 16.1-283. True, the termination decision must sequentially follow (as it did here) the filing of a foster care plan recommending termination. See Strong v. Hampton Dep't of Soc. Servs., 45 Va. App. 317, 610 S.E.2d 873 (2005). But nothing in any of these enabling statutes expressly states or implicitly reveals a legislative intent to render a final, unappealed termination order subject to what is in effect a condition subsequent — appellate

affirmance of the earlier order approving the DSS foster care plan.  Subject matter jurisdiction turns on the "court's power to adjudicate a class of cases or controversies," Jenkins v. Director, Va. Ctr. for Behav. Rehab., 271 Va. 4, 13, 624 S.E.2d 453, 458 (2006), and cannot be conditioned upon events occurring *after* the adjudication.  As Chief Justice Marshall put it, such jurisdiction "depends upon the state of things at the time of the action brought" and, "after vesting, it cannot be ousted by subsequent events."  Mollan v. Torrance, 22 U.S. 537, 539 (1824); see also Keene Corp. v. United States, 508 U.S. 200, 207 (1993); Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991).

Consequently, nothing we could do in this appeal — even if we reversed outright the DSS foster care plan recommendations — would change the fact that Najera has no parental rights left to protect.  In cases where, as here, "an event occurs which renders it impossible for this court, if it should decide the case in favor of the [appellant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal."  Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944) (citation omitted); see also Wallerstein v. Brander, 136 Va. 543, 546, 118 S.E. 224, 225 (1923) (applying "effectual relief" principle).

In sum, the entry of a final, unappealed order terminating Najera's residual parental rights has rendered moot the question whether DSS's foster care plan should have recommended termination.

Dismissed.