COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Powell and Senior Judge Clements

STEVEN LAWLER

MEMORANDUM OPINION[*]

v.       Record No. 1304-09-1                                PER CURIAM
                                                             DECEMBER 8, 2009

CITY OF NEWPORT NEWS DEPARTMENT
  OF HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

(Jeffrey C. Rountree, on brief), for appellant. Appellant submitting
on brief.

(Lynn A. Sugg, Deputy City Attorney; Holly A. White, Guardian *ad
litem* for appellant; David B. Olson, Guardian *ad litem* for the minor
child; White & White; Cope, Olson, McKinney, P.C., on brief), for
appellee. Appellee and Guardians *ad litem* submitting on brief.

Steven Lawler (father) appeals the trial court's rulings approving a foster care plan and

denying his request for visitation. Upon reviewing the record and briefs of the parties, we affirm

the decision of the trial court.

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

S.L. was born to father and Catherine Lawler (mother) on February 6, 1995. Mother and

father eventually separated, and father last saw S.L. in 2001.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On February 7, 2007, the Newport News Department of Human Services (DHS) removed S.L. from mother's home and placed her in foster care because mother's boyfriend sexually abused S.L., who was then twelve years old.

Edna Prince, a foster care social worker, testified that DHS provided extensive services to mother to help her overcome her problems and safely care for and protect S.L. Mother underwent psychological, parenting, and substance abuse evaluations. As a result, mother participated in outpatient substance abuse treatment and individual therapy from November 28, 2007 until November 20, 2008, when she successfully completed the program. In addition, mother and S.L. have participated in family and individual therapy, mother successfully completed a thirteen-week Children in Need of Services parenting class, and from April 2008 until December 2008, mother received in-home services. DHS allowed S.L. to return to mother's home on August 21, 2008. Prince testified that mother has remedied the conditions that caused S.L. to be removed from the home. Because mother has done all that DHS required and has demonstrated the ability to safely care for and meet S.L.'s special needs, Prince recommended that the trial court approve the foster care plan with the goal of awarding mother legal custody of S.L. and deny father visitation with S.L.

The evidence established that father is a convicted sex offender, having been convicted in 2001 of sexually molesting another, older daughter, and he has other felony convictions. Father has been "in and out of jails and mental institutions the majority of his life" and has "severe mental health issues." He was last released from jail in November 2007. Father objected to returning legal custody to mother under the foster care plan, and he petitioned for visitation. Father suffers from depression and is required to take several prescription medications. S.L.'s therapist did not recommend visitation with father at this time, and the foster care service plan indicated that the relationship with father and S.L. "has been traumatic."

The guardians *ad litem* for S.L. and for appellant supported approving the plan, specifically, returning legal custody to mother and denying father visitation.

After hearing evidence, the trial court ruled that the permanency planning order should be approved and adopted and that legal custody should be transferred to mother with continued monitoring by DHS as needed. The trial court denied father's request for visitation at this time because of his mental instability and sex-offender status, but did not foreclose the possibility that father could at some future date stabilize himself psychologically, obtain therapy, and participate in programs in order to re-petition for visitation.

"A preponderance-of-the-evidence standard governs judicial review of" foster care plans. Najera v. Chesapeake Div. of Soc. Servs., 48 Va. App. 237, 240, 629 S.E.2d 721, 722 (2006). "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988).

The evidence clearly supported the trial court's decision. Mother completed all that was required of her by DHS to regain custody of S.L., and the social worker was satisfied that she could care for and ensure the safety of S.L. The evidence also supported the trial court's denial of visitation to father. Father has a history of mental problems, is a multiple convicted felon, is a registered sex offender who committed abuse against one of his children, and has not seen S.L. since 2001. Those facts, in addition to the traumatic relationship between S.L. and father, demonstrated that visitation at this time would not be in S.L.'s best interests. Accordingly, the trial court did not err.

Affirmed.