COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia


PETER FRANKLIN McCOY

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0484-10-1                          JUDGE RANDOLPH A. BEALES
                                                        JANUARY 11, 2011

JOSEPHINE ANN PASCARELLA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              H. Thomas Padrick, Judge

            Corrynn J. Peters (Kristi A. Wooten; Margaret Weaver, Guardian *ad
            litem* for the infant children; Bowman Green Hampton & Kelly;
            Thomas & Associates, on briefs), for appellant.

            Kim M. Mattingly (John Kitzmann; John E. Davidson; Davidson &
            Kitzmann, on brief), for appellee.


        Peter Franklin McCoy (father) appeals from the custody order, entered as part of a final

decree of divorce,[1] that awarded primary physical custody of the parties' four children to

Josephine Ann Pascarella (mother).  He argues that this award was not in the children's best

interests and was "plainly wrong in light of the evidence presented at trial and the Guardian *ad*

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Father also argues the trial court was "plainly wrong" when it entered a *pendente lite*
order and then refused to reconsider that order.  However, the final custody ruling, entered as
part of the final decree of the trial court, made any controversy involving the previous two
rulings moot.  Even if error existed in those rulings, the final order now determines custody of
the children.  Therefore, we do not consider father's arguments regarding these two previous
rulings.  See Najera v. Chesapeake Div. of Social Servs., 48 Va. App. 237, 242-43, 629 S.E.2d
721, 723 (2006) (explaining that appellate courts do not address moot questions).  However, as
the trial court based this final custody determination on all the evidence presented throughout the
divorce proceedings, and the court at various points in these proceedings explained its reason for
awarding primary custody to mother, our review of the final determination must include an
examination of the evidence presented throughout these proceedings.

*litem*'s recommendation." After reviewing the record in this case, we find that the trial court did not abuse its discretion in entering the final custody award.

Because the facts are familiar to the parties, we forego a general background section discussing the evidence in favor of incorporating those facts into our analysis below.

STANDARD OF REVIEW

We review a challenge to a custody award for abuse of discretion by the trial court and, therefore, will not overturn the court's decision unless it was plainly wrong or without evidence to support it. See Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999) ("As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal."). We review the evidence presented to the trial court in the light most favorable to mother, who was the prevailing party below, rather than in the light that father would prefer that we review it. See id. at 539, 518 S.E.2d at 339 ("In light of our clearly defined standard of review, it is immaterial that the record, if viewed in the light most favorable to the [appellant], may support the relief [the appellant] seeks.").

ANALYSIS

Although the guardian *ad litem* (GAL) recommended that father have primary physical custody of all the children, the trial court was not bound by the recommendation of the GAL or of any party. See Code § 20-124.3 (listing the factors that a trial court should consider in making custody awards, and not mentioning a GAL's recommendation); cf. Anonymous B v. Anonymous C, 51 Va. App. 657, 675, 660 S.E.2d 307, 316 (2008) ("To the extent mother, father or the guardian *ad litem* contends the parties' apparent stipulation to the findings contained in the adjudicatory order prevented the trial court, on *de novo* appeal, from acting in the best interests of the child, we hold the trial court could not be bound by that stipulation."). Instead, the trial court was required to examine the evidence in light of the factors in Code § 20-124.3.

The trial court specifically found that *both* parties were actively involved in their children's lives and were generally good parents. Both parties admitted that they needed assistance to help with the children. When the final order was entered, three of the children were adjusting well to the custody arrangements – with mother having primary physical custody and father having liberal visitation.

Although the oldest child had numerous problems while in his mother's primary custody, father did not establish that mother's custody caused these problems. In fact, although the son was having trouble in school, those problems began when the parties were sharing custody. These problems accelerated around the period that the son was placed in a psychiatric center for a time. This commitment occurred immediately following a visitation with father that had ended badly. Father admitted that mother handled the situation well when she came to pick up the child from father. At the time of the final custody determination, father still had not developed a good relationship with his oldest child.

Father's attempts to reconcile with this child were not successful. Some attempts were counterproductive. For example, although the child needed to complete his assigned summer coursework before school started in the fall, father allowed him to ignore his homework until two weeks before school started. At that point, father pushed the child to get the work done, creating more stress between him and his son.

Although father argues that mother might have caused some of the problems between him and his oldest child, no evidence conclusively proved this point. Father and the oldest child had arguments before mother was granted primary physical custody, so the trial court could conclude that her custody did not cause these problems. The son's treatment in a psychiatric center was apparently at least partially the result of a visitation with father. At the time of the

last hearing before the trial court, the oldest child would not agree to regular visitation with his father.

Given the continuing incidents with his son, father was clearly not in a position to have primary physical custody of the oldest child. The other children were doing well with mother, and the parties concede that the best interests of the four children required that they remain together in the primary physical custody of one parent. Therefore, the trial court had sufficient evidence before it to conclude that granting mother primary physical custody of the four children was in their best interests. See Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990) ("A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." (citation omitted)).

CONCLUSION

While the trial court found that mother was not a perfect parent, the trial court also found that father was not perfect in his care of the children. Faced with a difficult decision between two parents who certainly love their children, the trial court made a choice that was supported by credible evidence, viewed in the light most favorable to mother (as we must view the evidence on appeal since mother was the prevailing party before the trial court). See Brown, 30 Va. App. at 538-39, 518 S.E.2d at 338-39. Therefore, we find that the trial court did not abuse its discretion in making that choice and in awarding primary physical custody of the parties' children to mother.

Affirmed.