COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Elder and Beales
Argued by teleconference

REBECCA DUNN

MEMORANDUM OPINION[*] BY
v.      Record No. 0671-10-1           JUDGE LARRY G. ELDER
JANUARY 18, 2011

COMMONWEALTH OF VIRGINIA,
  DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Westbrook J. Parker, Judge

Wallace W. Brittle, Jr. (Wallace W. Brittle, Jr., P.L.C., on brief), for
appellant.

Richard E. Railey, Jr. (Rebecca S. Colaw, Guardian *ad litem* for the
minor children, on brief), for appellee.

Rebecca Dunn (appellant) appeals the circuit court's termination of her residual parental

rights in her three children, A.C., G.C., and D.C., pursuant to Code § 16.1-283(C). Appellant

contends the circuit court applied the incorrect standard of proof to the stipulated evidence in

determining that termination of her parental rights was in the best interests of her three children.

Appellant further argues the circuit court erred by failing to continue the termination hearing in

order to further investigate placing the children in the custody of her sister, Kimberly Smith. Upon

consideration of the entire record, we conclude the circuit court applied the correct standard of

proof. Further, because the circuit court had the opportunity to evaluate Smith's willingness and

suitability to raise the children through her testimony at the termination hearing, the circuit court

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

was not required to order additional investigation. Accordingly, we affirm the circuit court's orders terminating appellant's residual parental rights in A.C., G.C., and D.C.

I.

When addressing matters concerning the custody and care of a child, this Court's paramount consideration is the child's best interests. Toombs v. Lynchburg Div. of Soc. Servs., 223 Va. 225, 230, 288 S.E.2d 405, 407-08 (1982). On appeal, we presume that the circuit court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests. Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990). The circuit court is vested with broad discretion in making decisions "necessary to guard and to foster a child's best interests." Id. at 328, 387 S.E.2d at 795. Where, as here, the court hears the evidence *ore tenus*, its findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support them. Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

A.

TERMINATION OF RESIDUAL PARENTAL RIGHTS UNDER CODE § 16.1-283(C)

Pursuant to Code § 16.1-283(C), the circuit court may terminate

> [t]he residual parental rights of a parent or parents of a child placed in foster care as a result of court commitment, an entrustment agreement entered into by the parent or parents or other voluntary relinquishment by the parent or parents . . . if the court finds, based upon clear and convincing evidence, that it is in the best interest of the child.

Further, the circuit court must find

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2). The Department of Social Services (DSS) has the burden of proving both conditions by clear and convincing evidence. See Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 539, 394 S.E.2d 492, 494 (1990).

Appellant does not challenge the sufficiency of the evidence supporting the circuit court's conclusion. Rather, she argues the circuit court gave undue deference to the factual findings from the permanency planning hearing and tacitly applied those findings under the lesser standard of proof of a preponderance of the evidence. According to appellant, such deference has the effect of circumventing the clear and convincing evidence standard. We disagree.

The decision to terminate a parent's rights in her children "must follow the approval of a foster care plan recommending termination." Najera v. Chesapeake Div. of Soc. Servs., 48 Va. App. 237, 240, 629 S.E.2d 721, 723 (2006). However, "[a] preponderance-of-the-evidence standard governs judicial review of the foster care plan recommendations, while the more stringent clear-and-convincing-evidence standard applies to the ultimate termination decision." Id. (citing Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 266 & n.3, 616 S.E.2d 765, 769-70 & n.3 (2005)).

Despite the differing standards of proof between a permanency planning hearing and a termination hearing, appellant has pointed to no authority, and we have found none, that prohibits a circuit court from relying on facts adduced at one hearing to make its determination in the other. Indeed, it would be a waste of judicial resources to reintroduce all the evidence from the previous hearing that could simply be stipulated to without objection, and we will not require the circuit court to assume "a vain and useless undertaking." Va. Passenger & Power Co. v. Fisher, 104 Va. 121, 129, 51 S.E. 198, 201 (1905).

It is clear from the record that the circuit court did not bind itself to the legal conclusions from the permanency planning hearing. At that hearing, the circuit court made several factual findings:

> [(1)] that the father of the . . . children has sexually abused one or more of the three children; [(2)] that through his guardian ad litem the father has advised the circuit court that in his opinion it would be in the best interest of the three daughters to approve the permanency plan prescribing termination of the parental rights; [(3)] that [appellant] is unable to protect and nurture her children[,] particularly children with special and extraordinary needs; [(4)] that the maternal grandmother, Edna Dunlow, and the step-grandfather are incapable of providing for the special needs; [(5)] that reasonable efforts have been made by [DSS] to reunite the children with their parents . . . or [with] a relative; [(6)] that [the father] was previously married to the maternal grandmother, Edna Dunlow, and was previously appellant's stepfather; and [(7)] that the best interest of the children demand that the permanency plan offered by DSS be approved and that a petition for termination of parental rights be filed.

At the termination hearing on December 1, 2009, DSS requested that these findings be incorporated into the record. Counsel for appellant did not object and conceded that DSS's witnesses would have established those facts if they were to testify at the termination hearing.

Having assented to the inclusion of these stipulations, appellant cannot now claim the trial court erred in considering those stipulations in making its decision, especially where appellant did not provide evidence that disputed their validity. And, the evidence in the record—the testimony of the foster mother, the foster care plans, the psychological evaluations of the children, and the Parental Capacity Evaluations of appellant and the maternal grandparents—corroborates each of the stipulations. In fact, the final termination orders specifically referenced these other sources of evidence. When the circuit court announced its ruling from the bench, it did not state it was bound by the ruling from the permanency planning hearing. Instead, it stated, "If there's any case where parental rights should be terminated this is it." From this strong language, we presume the circuit court applied the more stringent "clear and convincing

- 4 -

evidence" standard of proof.[1]  See Barker v. Barker, 27 Va. App. 519, 543, 500 S.E.2d 240, 252 (1998) ("Unless a party can show evidence to the contrary, we presume that the trial court properly applied the law to the facts.").  It is clear the circuit court merely used the stipulated facts in conjunction with the other evidence in the record to render its decision.  See Akers v. Fauquier Cnty. Dep't of Soc. Servs., 44 Va. App. 247, 259, 604 S.E.2d 737, 742 (2004) ("The best interests of the child are to be determined at the time of the termination hearing.").  Accordingly, we will not reverse the circuit court's decision based on its having incorporated findings from a related hearing.

B.

REASONABLE ALTERNATIVE UNDER CODE § 16.1-283(A)

Appellant next argues the circuit court did not give adequate consideration to Smith's improved ability to care for the children.  Appellant maintains the circuit court should have continued the hearing to allow another investigation to determine whether Smith had become a viable candidate to raise the children.  This argument ignores the fact that the circuit court had the opportunity to assess Smith's suitability in raising the children through her testimony at the termination hearing.

Code § 16.1-283(A) provides that, in a termination of parental rights case, "the court shall give consideration to granting custody to relatives of the child, including the grandparents."

_____

[1] We have defined clear and convincing evidence as

> "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.  It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.  It does not mean clear and unequivocal."

C. S. v. Va. Beach Dep't of Soc. Servs., 41 Va. App. 557, 565-66, 586 S.E.2d 884, 888 (2003) (quoting Gifford v. Dennis, 230 Va. 193, 198 n.1, 335 S.E.2d 371, 373 n.1 (1985)).

"Before *termination of parental rights* by the court, the agency seeking termination has an affirmative duty to investigate all reasonable options for placement with immediate relatives." Sauer v. Franklin Cnty. Dep't of Soc. Servs., 18 Va. App. 769, 771, 446 S.E.2d 640, 641 (1994) (emphasis added). Prior to the circuit court *granting custody of a child*, however, DSS merely "has a duty to produce sufficient evidence so that the court may properly determine whether there are relatives willing and suitable to take custody of the child, and to consider such relatives in comparison to other placement options." Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 131, 409 S.E.2d 460, 465 (1991). DSS meets this burden where the relative in question "testifie[s] as to her suitability to assume custody of [the child]," because "there [is] no reason to require DSS to investigate her[] [when] the court [has] before it all the evidence necessary to consider [the relative] as a possible custodian." Hawthorne v. Smyth Cnty. Dep't of Soc. Servs., 33 Va. App. 130, 139, 531 S.E.2d 639, 644 (2000); see Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 218-19, 597 S.E.2d 214, 220-21 (2004).

Here, appellant does not dispute that DSS investigated Smith as a potential candidate for assuming custody of the children. Smith admitted that at the time of the investigation, she told DSS she could not look after the children and chose not to file a petition for custody. Smith explained she had significant obligations related to raising her own family and also did not have adequate room in her residence to care for the three children in addition to her own family. At the termination hearing, Smith testified before the circuit court that her circumstances had changed enough so that she was a suitable and willing candidate to assume custody of A.C., G.C., and D.C. The circuit court considered this testimony and rejected Smith as a suitable candidate for placement of the children. Because Code § 16.1-283(A) requires nothing more, see Hawthorne, 33 Va. App. at 139, 531 S.E.2d at 644; Logan, 13 Va. App. at 131, 409 S.E.2d at

465, we conclude the circuit court's decision to reject Smith's request for custody of the children was not plainly wrong.

## II.

The record supports the conclusion that the circuit court applied the "clear and convincing evidence" standard of proof when it terminated appellant's residual parental rights. Its reliance on factual stipulations from the permanency planning hearing does not undermine this ruling. Further, the circuit court did not err in rejecting Smith as a suitable candidate without further DSS investigation because her testimony at the *ore tenus* hearing provided the court with sufficient evidence to determine whether she was a relative willing and suitable to take custody of the children. For these reasons, we affirm the circuit court's decision.

<u>Affirmed.</u>