COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Frank

CYNTHIA KHADI

MEMORANDUM OPINION*
v.      Record No. 0171-20-3                          PER CURIAM
                                                      SEPTEMBER 29, 2020

WYTHE COUNTY DEPARTMENT
 OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF WYTHE COUNTY
Josiah T. Showalter, Jr., Judge

(R. Christopher Munique; Lacy, Campbell & Munique, P.C., on
brief), for appellant. Appellant submitting on brief.

(Michael R. Bedsaul; Mary Foil Russell; Michael J. Sobey, Guardian
*ad litem* for the minor child; Sands Anderson, PC, on brief), for
appellee. Appellee and Guardian *ad litem* submitting on brief.

Cynthia Khadi ("Cynthia") appeals a circuit court order approving the foster care goal of

adoption for her stepchild. Cynthia argues that the circuit court erred by finding that the evidence

was sufficient to change the foster care goal from return home to adoption and that adoption was in

the child's best interest. Upon reviewing the record and briefs of the parties, we conclude that the

circuit court did not err. Accordingly, we affirm the decision of the circuit court.

---
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

BACKGROUND[1]

"On appeal, 'we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below, in this case the Department.'" Farrell v. Warren Cnty. Dep't of Soc. Servs., 59 Va. App. 375, 386 (2012) (quoting Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1180 (1991)).

Akshay Khadi ("Akshay") and Isabel Gayosso-Leon are the biological parents to the child who is the subject of this appeal.[2] Cynthia is Akshay's wife and the child's stepmother. Cynthia has known the child since the child was fifteen months old; Cynthia and Akshay had been married approximately four months before the child entered foster care.

On February 15, 2018, Cynthia and Akshay were arrested and incarcerated for possessing stolen vehicles, giving false identities to law enforcement, and contributing to the abuse or neglect of a minor.[3] As a result of their arrests, the Wythe County Department of Social Services (the Department) placed the five-year-old child in foster care. The Wythe County Juvenile and Domestic Relations District Court (the JDR court) entered an emergency removal order and

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] Gayosso-Leon voluntarily terminated her parental rights in the Wythe County Juvenile and Domestic Relations District Court. Akshay appealed the circuit court's ruling terminating his parental rights and approving the foster care goal of adoption. See A. Khadi v. Wythe Cnty. Dep't of Soc. Servs., Record No. 0174-20-3.

[3] Akshay pleaded guilty to a felony charge of unauthorized use of a vehicle and misdemeanor charges of contributing to the abuse or neglect of a minor and giving a false identity to law enforcement. Cynthia was convicted of misdemeanor charges of contributing to the abuse or neglect of a minor and giving a false identity to law enforcement.

preliminary removal order. The JDR court subsequently adjudicated that the child was abused or neglected and entered a dispositional order.

After Akshay's arrest, the United States Immigration and Customs Enforcement detained Akshay until late October 2018, when he was released on bond. Akshay later informed the Department that he was "completing paperwork to be approved to be in the United States"; however, at the circuit court hearing, the Department presented evidence that Akshay still had "pending court proceedings over his illegal immigration status."

Cynthia was incarcerated for the first four months after the child entered foster care. The Department arranged for supervised remote and in-person visitation between Akshay, Cynthia, and the child; the Department provided Cynthia and Akshay with financial assistance for gas, hotel rooms, and food for some of the in-person visits. Cynthia visited with the child once before Akshay's release from incarceration. The Department found that the visitations between Cynthia and the child were "largely appropriate, except for some arguing between" Cynthia and Akshay. The Department, however, had to intervene on "multiple occasions" during visits because Akshay made belittling comments and spoke inappropriately toward the child. The Department subsequently suspended in-person visitation based on the recommendations of a counselor and the child's guardian *ad litem.*

As part of the foster care plan, the Department referred Cynthia for a psychological and parental capacity evaluation, which she completed with Dr. Fender. Throughout the evaluation, Cynthia provided inconsistent information, and Dr. Fender was concerned about Cynthia's "[un]willingness to acknowledge her past problems, endorse current problems, or recognize the need to make meaningful changes in her life." Dr. Fender doubted whether Cynthia would "follow through on recommendations consistently in order to provide basic childcare needs in a consistent manner." Dr. Fender recommended using "extreme caution" before placing the child

with Cynthia because Cynthia appeared "unmotivated to change and non-compliance with any future reunification plan may be anticipated." Dr. Fender recommended counseling for Cynthia.

The Department also referred Cynthia and Akshay for an attachment assessment with the child. Sharon Brammer conducted the assessment and found that Cynthia "lack[ed] the psychological stability which would be necessary to help [the child] recover and thrive." Brammer opined that the child did not have a secure attachment relationship with Cynthia or Akshay and did not recommend placing the child with either one of them. Brammer noted that Cynthia was "in complete denial of the role that she and [Akshay] played in the [c]hild's placement in foster care." The Department found that Cynthia never did take responsibility for why the child was in foster care.

In addition to submitting to the evaluations, the Department required Cynthia and Akshay to obtain stable housing and participate in a home study, but they never did. The Department provided them with housing information and offered financial assistance with a security deposit and rent, but they did not follow up. Cynthia and Akshay also refused to discuss their financial situation with the Department, and although Cynthia provided her employment schedule, she did not provide any paystubs.

While the child was in foster care, Akshay was charged with two new crimes, namely shoplifting and assault and battery against Cynthia. Cynthia alleged that Akshay had been physically abusive toward her and obtained an emergency protective order; however, at the time of the circuit court hearing, Cynthia and Akshay had reconciled and reunited.

Cynthia had petitioned for custody of the child, but the JDR court dismissed her petition after she failed to appear for the hearing. Moreover, the Department did not support placing the child with Cynthia because she had a barrier crime that made her ineligible as a placement. The Department had learned that Cynthia's older son had been in foster care in Frederick County

since October 2017, after she had been arrested on drug-related charges. Cynthia had "a founded level 1 for inadequate supervision and abandonment on her son." Cynthia had not maintained regular contact with her son and did not participate in services; her son aged out of foster care after approximately one year.

On June 7, 2019, the JDR court terminated Akshay's parental rights and approved the foster care goal of adoption; Cynthia did not appear for the hearing. Cynthia and Akshay appealed the JDR court's rulings to the circuit court.

On September 3, 2019, the parties appeared before the circuit court. At the time of the hearing, the child was seven years old and had been in foster care for approximately nineteen months. The Department presented evidence that Akshay was argumentative and noncompliant with the Department. The Department explained to the circuit court that Akshay's "refusal to accept any responsibility for the reasons why the [c]hild was removed and remained in foster care" was "a major barrier to reunification."

Although Cynthia was "not as hostile and combative" as Akshay, the Department did not recommend Cynthia as a placement "due to her criminal history, a prior finding of abuse and neglect being entered against [her] regarding her son approximately seven months before this [c]hild came into foster care, and a finding of abuse or neglect against her in relation to this [c]hild." Cynthia also did not comply with the plan's requirements because she refused to provide information about her housing and employment.

The Department presented evidence that Akshay and Cynthia had failed to maintain safe and stable housing. The Department had provided Akshay with a list of available housing in Wythe County and offered security deposit and rental assistance, but Akshay and Cynthia never pursued those options. Instead, after the JDR court terminated Akshay's parental rights, he and

- 5 -

Cynthia moved to Roanoke, where they lived and worked at a hotel as "residential managers." Akshay's and Cynthia's combined monthly income was approximately $3,000.[4]

Cynthia testified that she had "a mothering bond and relationship" with the child. Cynthia explained that after she had sought the assault and battery charge against Akshay, their relationship had improved, and they attended couples and individual counseling. She believed that "the stress caused by the [c]hild's placement in foster care caused stress in her relationship with [Akshay], leading to the [p]rotective [o]rder and criminal charges." Cynthia admitted that she previously had a drug problem, but she had completed a ninety-day drug rehabilitation program.[5]

The Department presented evidence that the child had been in counseling since November 2018. The child's counselor testified that they were "working on coping with a stressful life event and past trauma." The child's counselor opined that it would be "detrimental" to the child if Akshay and Cynthia resumed custody of the child. The counselor testified that the child was "doing very well" in her current foster care placement.

After hearing all the evidence, the circuit court terminated Akshay's parental rights and approved the foster care goal of adoption. On January 8, 2020, the circuit court entered the permanency planning order approving the foster care goal of adoption. This appeal followed.

ANALYSIS

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Castillo v. Loudoun Cnty. Dep't of Fam. Servs., 68 Va. App. 547, 558 (2018)

---

[4] Akshay did not have any documentation to prove his and Cynthia's income.

[5] The Department had required Cynthia to submit for hair follicle testing; the results were negative.

(quoting Logan v. Fairfax Cnty. Dep't of Hum. Dev., 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cnty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190 (2011) (quoting Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20 (1986)). "A preponderance-of-the-evidence standard governs judicial review of the foster care plan recommendations . . . ." Boatright v. Wise Cnty. Dep't of Soc. Servs., 64 Va. App. 71, 79 (2014) (quoting Najera v. Chesapeake Div. of Soc. Servs., 48 Va. App. 237, 240 (2006)).

The circuit court found that it was not in the child's best interests to place her with Cynthia; instead, the circuit court found that it was in the child's best interest to have a foster care goal of adoption. The circuit court considered that approximately seven months before the Department removed the child in this matter, Cynthia's son had been removed from her custody based on a finding of abuse and neglect. Cynthia did not participate in any services related to her son, and he remained in foster care for approximately one year, until he aged out of the system.

After Cynthia lost custody of her son due to abuse and neglect, the Department removed the child from Cynthia's and Akshay's care due to abuse or neglect. The family had no income or stable housing, and Cynthia and Akshay were arrested for possessing stolen vehicles, giving false identities to law enforcement, and contributing to the delinquency of a minor. The Department placed the child in foster care and developed a foster care plan that included Cynthia. Cynthia participated in a psychological evaluation with Dr. Fender, who did not recommend that Cynthia have custody of the child. Likewise, after the attachment assessment, Brammer did not recommend that Cynthia have custody of the child. Both Dr. Fender and Brammer noted that Cynthia refused to acknowledge her role in the child being placed, and

remaining, in foster care. Moreover, Cynthia filed a petition for custody of the child but did not appear at the JDR court hearing on the matter, so the JDR court dismissed her petition.

"'[T]here is no simple, mechanical, "cut and dried" way' to apply the best interests of the child standard." Bristol Dep't of Soc. Servs. v. Welch, 64 Va. App. 34, 48 (2014) (quoting Peple v. Peple, 5 Va. App. 414, 422 (1988)). "Instead, 'the question must be resolved . . . in light of the facts of each case.'" Id. (quoting Toombs v. Lynchburg Div. of Soc. Servs., 223 Va. 225, 230 (1982)); see also Eaton v. Washington Cnty. Dep't of Soc. Servs., 66 Va. App. 317, 331 (2016). Based on the evidence presented, the circuit court found that the child had "grown, done well, and made progress over the 19 months she has been in foster care." Contrary to Cynthia's arguments, the circuit court did not err in finding that the foster care goal of adoption was in the child's best interests.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.